## Williams v. Snyder.

*Practice, C. P.—Pleading—Statement of claim—Interpleader—Source of title.*

The claimant in a sheriff's interpleader of an article levied upon must in his statement of claim aver not merely that he purchased the article with his own money, but show from whom he purchased it.

Interpleader under the Act of May 26, 1897, P. L. 95. Rule to show cause why the plaintiff's statement should not be stricken off. C. P. Snyder Co., Oct. T., 1922, No. 36.

*Charles P. Ulrich*, for rule; *Jay G. Weiser*, contra.

POTTER, P. J., April 20, 1923.—The various stages of interpleader proceedings have been passed in this case, including the filing of the plaintiff's (claimant's) statement, upon the filing of which the defendant took out a rule upon the plaintiff requiring him to show cause why the statement should not be stricken off, setting up "that it does not set forth from whom the plaintiff acquired his alleged title to said automobile, nor the consideration, if any, therefor."

That part of the plaintiff's statement complained of reads as follows: "That he (the plaintiff) is the sole owner of a certain Ford touring car, which serial number is 5864578, and that the plaintiff derived title to said car by purchase with his own money."

The 10th section of the Act of May 26, 1897, P. L. 95, *inter alia*, provides that "the issue shall consist of a concise statement of the source of the claimant's title, signed and sworn to by him. . . ."

The whole contention of the defendant is that the plaintiff, in his statement, has failed to show the *source* of his title to this automobile, or, in other

words, from whom he got it. He has already stated that he purchased it with his own money, but he has failed to state from whom he purchased it.

Before reaching this advanced stage in interpleader proceedings, we have execution issued and levy made by the plaintiff, who, at this stage of the proceedings, is the defendant in the issue framed, by virtue of which the personal property of the defendant in the execution is levied upon, which in this case is the automobile in question.

Then a third party steps in and lays claim to the property thus levied upon, or a part of it. The next important step is the framing of the issue, if the case gets that far, in which the claimant is made the plaintiff, and all other parties defendants. The issue is framed chiefly as between the claimant and the plaintiff in the execution.

The claimant is attempting to take from the levy property which, if sold, would furnish proceeds to pay the execution plaintiff's debt due from the execution defendant.

Without interpleader proceedings, it would be very easy for the claimant and the execution defendant to join in collusion and thus take from the levy at least a part of the property upon which the execution plaintiff depends for the payment of his dues, and when a claimant sets up title to any of the goods levied upon, the law permits him to be thoroughly searched to show, if possible, any collusion between him and the execution defendant. And, with this end in view, he must file a concise statement of the *source* of his title to the property claimed by him.

It is very easy for a claimant to say he bought the car. If he bought it from a stranger to the suit, he can very easily say so and thus set at rest any and all doubts regarding any collusion between him and the execution defendant. But if in his statement he is obliged to state that he bought it from the execution defendant, although the sale may have been *bona fide,* this statement puts the execution plaintiff on his guard, and, by proper investigation, may be the means, in some cases, of unearthing collusion between the claimant and the execution defendant, whereby the execution plaintiff might be defrauded out of his legitimate dues.

It will surely do no harm for the claimant to state the source of his title to the automobile, and it may be productive of much good.

The word "*source*" is defined by Worcester to mean spring, fountain, head, origin, original, first or primary cause, the first producer, the originator.

The same word is defined in 36 Cyc., 515, as the person from whom anything originates, first cause.

Therefore, we must hold that the *source* of the claimant's title to the automobile in question must mean the name of the person from whom he acquired it.

The opinion, as herein indicated, is on all fours with the opinion of Judge Ruppel, of Somerset County, as reported in the case of Shober *v.* Meyers, 42 Pa. C. C. Reps. 461.

The act does not require the statement to set out the consideration paid by the claimant for the article claimed by him.

We are asked to strike off the statement filed in this case. This we cannot do. A statement may be amended any time before trial if no new cause of action is introduced. This is a familiar principle of law and needs no authority to support it.

And now, to wit, April 28, 1923, the rule to strike off the plaintiff's statement is discharged. As indicated herein, the plaintiff is required to amend his statement by stating from whom he acquired the automobile in question, and he is given ten days from this date for that purpose.